IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** | § § § § § | |
| **PLAINTIFF,** | § § | |
| V. | § § § | |
| **MARY WORSHAM, ALEXANDRIA WORSHAM, MARY & TERRENCE TRUCKING, LLC AND JYE MALIK LEVAN,** | § § § § § § | **CIVIL ACTION NO. 4:23-cv-4660** |
| **DEFENDANTS.** | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") files this its Original Complaint for Declaratory Judgment, seeking a judicial declaration that it has no duty to indemnify Defendants Mary Worsham, Alexandria Worsham and Mary & Terrence Trucking, LLC (collectively "Worshams") for any damages awarded to them or to defend or indemnify Jye Malik Levan in a pending state court lawsuit under the auto policy issued by Allstate to Raymond Levan as the sole named insured because the named insured was not the legal owner of the vehicle Jye Malik Levan was driving at the time of the accident. In support of the relief requested, Allstate would respectfully show the Court the following:

# I.
## PARTIES

1. Plaintiff Allstate is a citizen of the State of Illinois for all jurisdictional purposes and is authorized to do business in Texas. Allstate is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. As a result, Plaintiff is a citizen of the State of Illinois and no other state for purposes of determining diversity of citizenship pursuant to 28 U.S.C. §1332(c)(i).

2. Defendants Mary Worsham and Alexandria Worsham are individuals who reside in Houston, Harris County, Texas. Defendant Mary & Terrence Trucking, LLC is a Texas domestic limited liability company, whose registered agent is Mary Worsham. All Defendants may be served with process at their last known address, 13223 Montclair Pt. Ct., Houston, Texas 77047, or wherever else they may be found. Allstate requests service on all Defendants either personally or through their attorney of record in the underlying state court action, Sarnie A. Randle, Jr., S. A. Randle & Associates, P.C., 5177 Richmond Avenue, Suite 635, Houston, Texas 77056, either as the Worshams' agent for service or, after the requisite showing, as a reasonably effective means of providing the Worshams with notice of this suit. FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106; *see Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ); *see also Mt. Hawley Ins. Co. v. Doxa Entertainment*, 2020 WL 6811487, at *2 (S.D. Tex. Apr. 30, 2020) (citing *Leach* in authorizing service on counsel). Allstate will first seek to serve the Worshams through their attorney and will

request other service if Mr. Randle declines or is not authorized to accept service on their behalf.

3. Defendant Jye Malik Levan is an individual who resides in Houston, Harris County, Texas. Upon information and belief, Mr. Levan may be served with process at his last known address, 5127 Shirley Street, Baytown, Texas 77521, or wherever else he may be found.

## II.
### JURISDICTION AND VENUE

4. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 in that the suit is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. In their current pleading in the pending state court lawsuit, the Worshams seek bodily injury damages of at least $150,000 and also seek property damage of $25,000 for loss of income. Moreover, the aggregate bodily injury liability limit under Raymond Levan's Allstate auto policy is $100,000 for each accident, and the property damage liability limit is $50,000 for each accident. Courts consider such damages claims and policy limits when determining whether the "amount in controversy" diversity requirement is satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (amount in controversy determination includes policy limits and potential damages); *see also Allstate Fire and Casualty Ins. Co. v. Love*, 71 F.4th 348, 351-52 (5th Cir. 2023). Thus, the minimum jurisdictional limit exists in this case.

5. There is an actual controversy between Allstate, on the one hand, and Defendants, on the other hand, for purposes of 28 U.S.C. § 2201 because of the Worshams' contention that Allstate is legally responsible to pay the full amount of any damages awarded against Jye Malik Levan in the state court lawsuit, having sent Allstate a series of demand letters for their bodily injury and property damage liability claims. Additionally, the Worshams are potential third-party beneficiaries to Raymond Levan's Allstate policy. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123–25 (5th Cir. 1981). Allstate also currently is providing a defense to Jye Malik Levan subject to a full reservation of its right to deny any duty to defend or to indemnify him for the claims in the Worshams' lawsuit, including the right to file this declaratory judgment action.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Allstate policy that is the subject of this action was issued to Raymond Levan in this District, and all of the events made the basis of the Worshams' state court action against Jye Malik Levan occurred in this District. Further, the Worshams' lawsuit against Jye Malik Levan is pending in a Texas state court located in this District, and Allstate is defending Jye Malik Levan in that state court action pursuant to a full reservation of Allstate's rights, including the right to withdraw the defense and to deny indemnity coverage for any damages awarded to the Worshams.

## III.
### DECLARATORY JUDGMENT ACTION

7. Allstate brings this declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining actual controversies between the parties, as described herein. The controversies exist as a result of the claims in the pending lawsuit styled *Mary Worsham, Alexandria Worsham and Mary & Terrence Trucking, LLC v. Jye Malik Levan and Ooida Risk Retention Group, Inc.*; Cause No. 2020-05227; currently pending in the 270th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). Texas law applies to resolve these disputes because Allstate issued the auto policy to a citizen and inhabitant of Texas (Raymond Levan), and Allstate is authorized to and is doing business in Texas. *See Millis Dev. & Const., Inc. v. America First Lloyd's Ins. Co.*, 2011 WL 3567331, at *7 (S.D. Tex. Aug. 12, 2011).

8. "This is a diversity suit, so Texas law controls." *State Farm Lloyds v. Richards*, 784 Fed. Appx. 247, 250 (5th Cir. 2019). Based on the Texas Supreme Court's seminal decision in *Monroe Guaranty Ins. Co. v. BITCO General Ins. Corp.*, while "the eight-corners rule remains the initial inquiry to be used to determine whether a duty to defend exists" in most cases, extrinsic evidence is proper where there is a "gap in the plaintiff's pleading" such that the factual allegations are insufficient to determine coverage. 640 S.W.3d 195, 203 (Tex. 2022). Where there is such a "gap" in the current pleading:

> Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage

>and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Id*.

9.  This Court has allowed extrinsic evidence consistent with the standards enumerated in *Monroe Guaranty*. *See, e.g., National Liability & Fire Ins. v. Turimex, LLC*, 2022 WL 16838038 (S.D. Tex. Oct. 20, 2022) (adopted 2022 WL 16836342 (S.D. Tex. Nov. 9, 2022)); *Drawbridge Energy US Ventures, LLC v. Federal Ins. Co.*, 2022 WL 991989 (S.D. Tex. Apr. 1, 2022). In *Turimex*, the Court allowed extrinsic evidence regarding the location of the accident to determine whether that accident occurred within the "coverage territory" because the underlying petition was silent as to the location, permitting the Court to use extrinsic facts to deny a duty to defend or to indemnify the insured for injuries resulting from an accident outside the territorial limits specified in the policy. Sl. Op. at *3.

10. Similarly, the Court in *Drawbridge Energy* reviewed and relied on extrinsic evidence to determine whether a related claim was made prior to the inception of the policy period, precluding any defense or indemnity obligation. Sl. Op. at *5. Consistent with these decisions, Allstate is entitled to submit extrinsic evidence that Jye Malik Levan, not Raymond Levan, was the legal owner of the 2007 Buick LaCrosse Jye Malik Levan was driving at the time of the accident resulting in the damages sought by the Worshams to deny liability coverage for any claims under Raymond Levan's Allstate auto policy.

6

11. For these reasons, under governing Texas law, Allstate is entitled to seek a declaratory judgment regarding the absence of any duty to defend or to indemnify Jye Malik Levan or to pay any damages that the Worshams may recover before any the final judgment in the Underlying Lawsuit. *See Tex. Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128, 135 (Tex. 2000) (citing *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)).

9. The Texas Supreme Court in *Gandy* recognized the utility of declaratory judgment actions such as this one:

> For example, when issues of coverage and the duty to defend arise, it is not unusual for I [insurer] or D [defendant] or both to attempt to adjudicate them before P's [plaintiff] claim is adjudicated. Disputes between I and D can often be expeditiously resolved in an action for declaratory judgment while P's claim is pending. . . . . We recognize that prosecution of a declaratory judgment action may be burdensome to D, but often I will assume the burden of having the issues resolved. A plaintiff who thinks a defendant should be covered by insurance may be willing to await or even assist in obtaining an adjudication of the insurer's responsibility.

925 S.W.2d at 714.

12. Citing *Gandy*, the Texas Supreme Court in *Matagorda County* reiterated that a carrier may "seek prompt resolution of the coverage dispute in a declaratory judgment action, a step we have encouraged insurers in [the carrier's] position to take." 52 S.W.3d at 135 (citations omitted). The Court further explained that "[r]equiring the insurer, rather than the insured, to choose a course of action is appropriate because the

7

insurer is the business of analyzing and allocating risk and is in the position to assess the viability of its coverage dispute." *Id* (citation omitted).

13. More recently, the Texas Supreme Court again concluded that "an insurer may seek prompt resolution of its coverage dispute, a course we have encouraged insurers in this position to take." *Excess Underwriters at Lloyd's v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 46 (Tex. 2008). Thus, Allstate's pursuing this declaratory judgment action is precisely the approach encouraged by the Texas Supreme Court in these decisions because the requested declaratory relief will expedite resolution of the coverage dispute and resolve any effort to seek indemnity for any damages awarded to the Worshams in the Underlying Lawsuit.

## IV.
## THE UNDERLYING ACTION

14. The current pleading in the Underlying Lawsuit is Plaintiff's First Amended Petition (the "Petition"). In that pleading, the Worshams allege only that their damages result from an automobile accident caused by the alleged negligence of Jye Malik Levan, who "lost control of his vehicle" and thereafter collided with the Worshams' vehicle. There are no factual allegations in the Petition regarding ownership of the vehicle Jye Malik Levan was driving at the time of the accident or regarding his residency with the named insured or elsewhere on the accident date.

## V.
## THE ALLSTATE AUTO POLICY

15. The governing provisions of the Allstate auto policy issued to Raymond Levan as the only named insured that does not list Jye Malik Levan as a driver are in the

Liability Coverage part (Part A) of the policy. Because Jye Malik Levan was not a resident of the named insured's household on the accident date, omnibus liability coverage exists for Jye Malik Levan under his brother's Allstate policy only if the 2007 Buick LaCrosse he was driving at the time of his accident with the Worshams' vehicle falls within the definition of "your covered auto." The Allstate policy defines "your" to mean only the named insured shown in the Declarations (Raymond Levan) or a resident spouse.

16. As a result of this policy language, Jye Malik Levan as the person seeking coverage and the Worshams as potential third party beneficiaries bear the burden to prove that the 2007 Buick LaCrosse Jye Malik Levan was driving falls within the definition of "your [Raymond Levan's] covered auto." Defendants herein cannot meet this burden because Jye Malik Levan, not Raymond Levan, was the title and legal owner at the time of the accident, as he was the person with possession and the right to control the use of that vehicle. In his recent deposition on December 5, 2023, Jye Malik Levan confirmed that he was not a resident of his brother's, Raymond Levan's, household on the accident date and that he had possession and had been driving the 2007 Buick LaCrosse for at least two months prior to the accident.

17. Furthermore, contrary to Jye Malik Levan's deposition testimony, title documentation confirms that Jye Malik Levan, not Raymond Levan, was the title owner of the 2007 Buick LaCrosse he was driving at the time of the accident and that he became the title owner on April 27, 2018, having purchased the vehicle from Get Car Easy in Baytown, Texas. Documentation sent by that entity as the lienholder confirms the

purchase by and title ownership in Jye Malik Levan, not Raymond Levan, several months prior to the accident date. Allstate is entitled to present extrinsic evidence to demonstrate Jye Malik Levan's residency and title and legal ownership of this vehicle for the same reasons explained by the Court in *Benites v. Western World Ins. Co.*, in which the Court relied on extrinsic evidence to determine legal ownership of a condominium balcony to deny any defense or indemnity obligation. 2022 WL 2820669, at *4-*6 (W.D. Tex. July 18, 2022) (adopted 2022 WL 18034649 (W.D. Tex. Oct. 18, 2022)).

18. The declaratory relief sought by Allstate because Raymond Levan was not the legal owner of the Buick LaCrosse on the accident date is mandated by the decision of the Houston First District Court of Appeals in *Black v. BLC Ins. Co.*, 725 S.W.2d 286 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). In that case, the claimant argued that legal ownership of the vehicle was not relevant and that the term "your covered auto" means "any vehicle shown in the Declarations," which here would include the 2007 Buick LaCrosse. The claimant also argued that the trial court had acted improperly by adding a requirement that the named insured own the "covered auto" where the vehicle was listed as a "covered auto" in the insurance policy. 725 S.W.2d at 287.

19. In rejecting both arguments, the Court in *Black* ruled:

> We hold that Webster's [the named insured's] ownership of the car was a prerequisite to coverage under this policy. The policy language is clear. A "covered person" is any person using "your covered auto." "Your covered auto" is defined in the policy as "any vehicle shown in the declarations." The word "your" is defined as referring to:
>
> > The "named insured" shown in the declarations. ...

10

> The use of the word "your" in this policy means that Webster [the named insured] had to own, possess or at least ... control the use of the car in order for coverage to exist.

725 S.W.2d at 288. As was true in *Black*, the named insured did not own or control the possession or use of the 2007 Buick LaCrosse legally owned by his non-resident brother, Jue Malik Levan, eliminating liability coverage for the Worshams' claims against Jye Malik Levan under Raymond Levan's Allstate policy.

20. The absence of any liability coverage for the claims in the Underlying Lawsuit under the Allstate policy is further supported by the decision in *Johnson v. Safeco Ins. Co.*, 464 S.W.2d 164 (Tex. App.—El Paso 1971, no writ). In that case, the Court concluded as a matter of law that there was no liability coverage for a daughter under her father's policy because the father no longer owned the listed vehicle on the accident date, even though he remained the record title owner. There was no coverage even for the use of a listed vehicle since the non-resident daughter legally owned the vehicle prior to the date of the accident, having the right to control the use and possession of the vehicle. As a result, the Court denied liability coverage for the daughter as an omnibus insured despite the daughter's testimony that she did not believe that the car was hers until she had registered the title in her name, because the daughter had possession and control of the vehicle and, therefore, was the legal owner of the vehicle on the accident date. 464 S.W.2d at 168; *see also, e.g., Gulf Ins. Co. v. Bobo*, 595 S.W.2d 847, 848-49 (Tex. 1980) (reversing negligent entrustment judgment against title owner who had transferred legal ownership to purchaser before date of loss).

21. Furthermore, the permissible extrinsic facts that Raymond Levan was not the title or legal owner of the 2007 Buick LaCrosse further demonstrate that Raymond Levan did not have a sufficient insurable interest in the listed 2007 Buick LaCross on the date of the accident. Under established Texas law, "[a]n insurable interest is an essential characteristic of probably all insurance contracts, whatever the subject matter." *Stillwagoner v. Travelers Ins. Co.*, 979 S.W.2d 354, 360 (Tex. App.—Tyler 1998, no writ). Such, an insurable interest is required by Texas law. *See State Farm Mutual Automobile Ins. Co. v. Kelly*, 945 S.W.2d 905, 907-908 (Tex. App.—Austin 1997, writ denied); *see also First Preferred Ins. Co. v. Bell*, 587 S.W.2d 798, 802 (Tex. App.—Amarillo 1979, writ ref' d n.r.e.).

22. More recently, the Fifth Circuit reiterated the insurable interest requirement in *Sentry Select Ins. Co. v. Home State County Mut. Ins. Co.*, 2022 WL 2800809 (5th Cir. July 18, 2022). In that decision, the Court discussed established Texas law that "liability insurance, like other forms of insurance, must be supported by an insurable interest in the insured." Sl. Op. at *3 (quoting *Gulf Ins. Co. v. Winn*, 545 S.W.2d 526, 527 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.)). The Court found such an insurable interest only because the named insured had a written agreement to purchase the vehicle and was entitled to delivery of that vehicle after repairs were made and also was contractually liable for the use, maintenance and operation of the vehicle on the accident date, giving the named insured the right to control the use of the vehicle. Sl. Op. at *3-*4. Raymond Levan had no such interest in the 2007 Buick LaCrosse, legally owned and controlled solely by Jye Malik Levan. The named insured's absence of any insurable interest

12

further supports a judicial declaration that Allstate does not have any duty to defend or to indemnify Jye Malik Levan for the claims asserted by the Worshams in the Underlying Lawsuit.

23. Additionally, Allstate is entitled to a declaration that it does not have any duty to indemnify Defendants because "the same facts that negate the duty to defend also negate the duty to indemnify." *Turimex*, Sl. Op. at *4. On this same basis, the Court in *Benites* concluded that the liability carrier had no duty to indemnify based on the extrinsic ownership facts, thereby denying coverage for the person seeking coverage as an additional insured. Sl. Op. at *6. For these same reasons, Allstate is entitled to a declaratory judgment that it has no duty to indemnify for the same reasons it has no duty to defend Jye Malik Levan.

WHEREFORE, Plaintiff Allstate Fire and Casualty Insurance Company respectfully requests that Defendants Mary Worsham, Alexandria Worsham, Mary & Terrence Trucking, LLC and Jye Malik Levan be cited to appear and answer herein and that the Court thereafter enter a declaratory judgment action that Plaintiff has no duty to indemnify Defendants Mary Worsham, Alexandria Worsham and Mary & Terrence Trucking, LLC for the damages awarded to them or to defend or indemnify Jye Malik Levan in the underlying state court lawsuit and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Ronald J. Restrepo*
Ronald J. Restrepo
State Bar No. 16791300
Federal I.D. No. 920
rrestrepo@drhrlaw.com
**DOYLE, RESTREPO, HARVIN & ROBBINS, LLP**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**